UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADRIENNE LAMORTE, | : | ACTION NO. |
| *Plaintiff* | : | 3:01CV00998(SRU) |
| | : | |
| v. | : | |
| | : | |
| JOHN LEONARD, | : | |
| | : | |
| *Defendant.* | : | April 14, 2004 |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS

NOTE; The plaintiff has not yet produce copies of her marked exhibits 14 days before trial as required by the court. The defendant reserves his right to add objections as necessary after reviewing the plaintiff's exhibits.

**Plaintiff's Exhibits**

1. Trooper Performance Evaluation and Observation Report - Period from 1995-1996.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

2. Trooper Performance Evaluation and Observation Report - Period from 1996-1997.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

3. Trooper Performance Evaluation and Observation Report - Period April 1998.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

4. Letter from Detective James Wardwell to Detective LaMorte, dated March 26, 1998.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

1

5. Trooper Performance Evaluation and Observation Report - Period from 1997-1998.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

6. Trooper Performance Evaluation and Observation Report - Period from 1998-1999.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

7. Performance Evaluation of Detective LaMorte between May and October, 1996.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

8. Performance Evaluation of Detective LaMorte between July 1996 and April 1997

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

9. Trooper of the Month Certificate, dated February 1, 1993.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

10. Letter from Sandra Kiesel to Lt. Brideau regarding Detective LaMorte, dated November 1988.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

11. Letter of response from Lt. Brideau to Sandra Kiesel, dated November 14, 1988.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

12. Letter from Colonel Perry to John Collins regarding Detective LaMorte, dated April 29, 1994.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

13. Letter from John Collins to Colonel Perry regarding Detective LaMorte, dated April 15, 1994.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

14. Letter from Colonel Kirschner to M.E. Ahern regarding Detective LaMorte, dated June 28, 1995.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

15. Letter from M.E. Ahern to Colonel Kirschner regarding Detective LaMorte, dated June 22, 1995.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

16. Letter from Colonel Kirschner to Edward F. Johnson regarding Detective LaMorte, dated August 29, 1996.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

17. Letter from Edward F. Johnson to Colonel Kirschner regarding Detective LaMorte, dated August 22, 1996.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

18. Letter from Alfred Abbotts to Lt. McGoldrick regarding Trooper LaMorte, dated September 2, 1987.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

19. Letter from Michael Dearington to William McGuire regarding Detective LaMorte, dated September 30, 1997.

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay.

20. Internal Affairs interview of William Knapp.

No objection.

21. Internal Affairs interview of Gary Pfeifer.

No objection.

22. C.S.P. Polygraph Unit 4-page policy entitled "S.O. #97-1" regarding "specific examination".

Objection: Relevancy, foundation.

23. C.S.P. Polygraph Unit 3-page policy entitled "S.O. #97-2" relating to "pre-employment examinations".

Objection: No objection.

24. Complaint against Personnel containing several dates. (Complainant: Randall W. Nauroth)

No Objection.

25. Complaint against Personnel containing various dates. (Complainant: Vincent E. McSweeney)

No Objection.

26. C.S.P. Internal Affairs Unit Case Management Log re: Case # I.A.-00-027.

No Objection.

27. May 17, 2000 memorandum from Alaric J. Fox to Vincent E. McSweeney.

No Objection if plaintiff is referring to the Executive Summary Report.

28. August 14, 2000 letter to plaintiff from defendant.

No Objection.

29. Stipulated Agreement signed by plaintiff 9-14-2000.

No Objection.

30. Witness statement of William Knapp dated 5-2-2000.

No Objection.

4

31. Internal Affairs Investigation - Notice to Personnel (Adrienne Lamorte) dated April 18, 2000 from Captain Vincent E. McSweeney.

No Objection.

32. C.S.P. Guidelines for Internal Investigation Chapters 5.2 et. seq.

No Objection.

33. August 11, 2000 Memorandum from Gladys Traverso Miller to defendant.

No Objection.

34. C.S.P. A & O Manual Policy Section 5.1.4.

No Objection.

35. August 29, 2000 Memorandum from Gladys Traverso Miller to defendant.

No Objection if the exhibit is the memo dated August 29, 2000 FROM the defendant to Miller.  Otherwise,  the Defendant reserves its their objection.

36. Polygraph Examination Scoring Charts and Numerical Analyses (Collectively as one exhibit).

Objection: Relevancy, foundation, not imputable to this defendant in his personal capacity, hearsay, requires expert testimony that was not disclosed in discovery.

               DEFENDANT

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:Joseph.Jordano@po.state.ct.us

5

## **CERTIFICATION**

      I herein certify that a copy of the foregoing Defendant's Objection to Plaintiff's Exhibits was mailed this _____ day of April, 2004 to all counsel of record via first class mail, postage prepaid, to:

    Karen Lee Torre, Esq.
    Law Offices of Karen Lee Torre
    51 Elm Street, Suite 307
    New Haven, CT 06510
    (203) 865-5541

                                          _____
                                          Joseph A. Jordano
                                          Assistant Attorney General