UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADRIENNE LAMORTE, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV00998(SRU) |
| | : | |
| v. | : | |
| | : | |
| JOHN LEONARD, | : | |
| *Defendant* | : | April 26, 2004 |

**DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS
AND JURY INTERROGATORY**

COMES NOW the defendant and supplements its jury instructions and requests that the jury be instructed as follows:

**Mixed Motive-Plaintiff's Burden**

The plaintiff has introduced evidence that she claims demonstrates that an illegitimate consideration – retaliation for her complaining about her supervisor -  was a motivating factor in the defendant's decision to transfer her to another assignment within the Connecticut State Police.  If you believe the plaintiff's evidence, and are persuaded by a preponderance of the evidence that retaliation was a motivating factor, even though other legitimate factors motivated the defendant's decision, then you must find for the plaintiff unless you find that the defendant would have made the same decision to transfer the plaintiff even if it had not taken her complaint of discrimination into account.[1]

---

[1] *Danzer v. Norden Systems, Inc.,* 151 F.3d 50 (2d Cir 1998).

I instruct you that even if you find, by a preponderance of the evidence, that the defendant intentionally discriminated against the plaintiff because she exercised her First Amendment right to free speech, you must still consider the defense offered by the defendant before you reach a verdict.

The defense offered by the defendant is that even if you find that the defendant intended to discriminate, nonetheless he would have reached the same decision regarding plaintiff, even absent her protected speech. If you find from all the evidence that this is more likely true than not true, then you must reach a verdict in favor of the defendant.

The reason for this is that if the defendant would have acted as he did in any event, then the plaintiff has not been harmed by the defendant's conduct, and therefore plaintiff is not entitled to monetary relief under federal law.[2]

**Jury Interrogatory**

Defendant requests the following be added to the proposed verdict form.

INTERROGATORY TO JURY

> If you find that Ms. LaMorte proved by a preponderance of the evidence that her speech complaining about Sgt. Howell was a motivating factor in the decision to discipline her, has the defendant proven by a preponderance of the evidence that he would have taken the same action even if he had not taken Ms. LaMorte's complaint into account.
>
> If you have answered "yes" to Question ____, then your deliberations are at an end. The foreperson should sign and date this form and notify the marshal that you have reached your verdict. If you have answered "No" to question ___, then proceed to question ___.

---

[2] *Tyler v. Bethlehem Steel,* 958 F.2d 1176 (2d Cir. 1992); *Scott v. Bell Atlantic Mobile,* 2002 U.S. Dist. LEXIS 6357 (S.D.N.Y. 2002); Modern Federal Jury Instructions No. 87-23.

### **Instruction on Business Judgment and No Imputed Liability**

As I have instructed, your task in this case is to determine if the defendant intentionally violated the plaintiff's constitutional rights, and if so, to determine the amount of damages consistent with my instructions to you.

As a manager, the defendant had discretion to make business judgments. As you consider the evidence you must keep in mind that the defendant's judgment is not the issue, but rather your must focus solely on the defendant's motivation for his action.[3] The plaintiff must show more than that the defendant made an unwise business decision or an unnecessary personnel move, or acted arbitrarily. Good faith errors in a defendant's business judgment are not, standing alone, evidence of discrimination.[4]

Furthermore, the defendant is not liable for the acts or opinions of others and you must not impute liability to him for those acts.

---

[3] *Blake-McIntosh v. Dadbury Beverages, Inc.*, 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999), *Gray v. New England Tel. And Tel. Co.*, 792 F.2d 251, 255 (1st Cir. 1986).

[4] *Smith v. Monsanto Chemical Co.*, 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986); *Cowan v. Glenbrook Security Servs, Inc.*, 123 F. 3d 438, 445-46 (7th Cir. 1997); *Stemmons v. Missouri Dept. of Corrections*, 82 F.3d 817, 819 (8th Cir. 1996); *Mungin v. Kattin Muchin & Zarvis*, 116 F.3d 1549, 1556 (D.C. Cir. 1997).

                    DEFENDANT

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY:_____
       Joseph A. Jordano
       Assistant Attorney General
       Federal Bar No. ct21487
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: (860) 808-5340
       Fax: (860) 808-5383

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing **Defendant's Supplemental Jury Instructions and Jury Interrogatory** was mailed and faxed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 26th day of April, 2004, to:

Karen Lee Torre, Esq.
51 Elm Street, Suite 307
New Haven, CT 06510  via fax 203 – 865-4844

_____
Joseph A. Jordano
Assistant Attorney General